Burket, J.
The fee of one-tenth of one per cent, exacted from corporations in May of each year is an excise or franchise tax for general revenue. That such a tax may be constitutionally collected has been decided by this court in Telegraph Co. v. Mayer, 28 Ohio St., 521; Express Co. v. State, 55 Ohio St., 69; State ex rel. v. Ferris, 53 Ohio St., 314; and other cases, and is no longer an open question.
The state is a sovereignty and its powers are sovereign, except as limited and restricted by the constitution of the United States.
The grant of legislative power to the general assembly in section one of article two of the constitution is absolute, and is not limited in that section. The absolute and unlimited power of taxation is granted by that section to the general assembly, and the taxation may be upon franchises, privileges or property, as the general assembly may deem best; but when it comes to taxing property, there is a limitation placed upon that power by sections one, two and three of article twelve of the constitution, and by section four of article thirteen of the same instrument. By section one of article twelve, a limitation prohibits the levying of a poll tax for county or state purposes. By section two of the same article, all taxable property, real and personal, is required to be taxed by a uniform rule as its true value in money. By section three all property employed in banking is required to *594 bear a burden of taxation, equal to that imposed on the property of individuals; and by section four of article thirteen, property of corporations is subject to taxation the same as the property of individuals. These are very important limitations upon the power of taxation of property granted by said section one of article two of the constitution, and are intended to secure uniformity and equality in taxation on property.
But upon the power to tax privileges and franchises there is no express limitation in the constitution, but certain limitations upon that power must be implied from other provisions of the constitution, so as to make the whole instrument harmonious and consistent throughout. The constitution was established to “promote our common welfare.” Preamble to the constitution. Government is instituted for the equal protection and benefit of the people. Section two of the bill of rights. Private property shall ever be held inviolate, but subservient to the public welfare. Section nineteen of the bill of rights. These provisions of the constitution are implied limitations upon the power of taxation of privileges and franchises, and limit such taxation to the reasonable value of the privilege or franchise conferred originally, or to its continued value from year to year. Ashley v. Ryan, 49 Ohio St., 504; State ex rel. v. Ferris, 53 Ohio St., 314, and Hagerty v. State, 55 Ohio St., 613, are examples of taxing the privilege or franchise conferred; while Telegraph Co. v. Mayer, 28 Ohio St., 521, and Express Co. v. State, 55 Ohio St., 69, are examples of taxing the continued value of the existing privilege or franchise from year to year.
These limitations prevent confiscation and oppression-under the guise of taxation, and the power of such taxation cannot extend beyond what is for the com *595 mon or public welfare, and tbe equal protection and benefit of the people; but the ascertaining and fixing of such values rests largely in the general assembly, but finally in the courts.
A domestic corporation is given life, and continued ■existence by the state, and this life and existence with their accompanying powers constitute the franchise, and this franchise being valuable and given by the state, the state may impose a franchise tax thereon to the amount of the value thus conferred and con-, tinued, the same as in taxation by assessment, the public first bestows á special benefit upon the property, and then takes back by way of assessment a part or all it has thus conferred. Walsh v. Barron, 61 Ohio St., 15. A foreign corporation can do business in this state only upon such terms and conditions as the state may impose, and therefore a franchise tax may be imposed upon a foreign corporation for the privilege of doing business in this state. It therefore follows that a franchise tax may be imposed on both domestic and foreign corporations alike.
An excise tax may also be imposed on corporations to compensate the state for the additional burden sustained by the state and the people, by reason of property being held by artificial bodies, the persons com-, prising such bodies being exempt from liability to a great extent for the debts thereof. This ground of excise taxation was recognized in Adler v. Whitbeck, 44 Ohio St., 539, and was there applied to the liquor traffic, because that business was there shown to impose additional burdens upon the state. So the aggregation of capital by corporations imposes additional burdens, and requires regulations not applicable to individuals.
*596 It is urged, and truly, that the capital paid in by the stockholders becomes invested in property,- and that taxes are paid thereon the same as individuals pay upon their property. Then it is urged secondly that this exaction of one-tenth of one per cent, on the subscribed or issued and outstanding capital stock, is an additional tax on the same property or capital, and that thereby double taxation results. But this second proposition is not true, because the exaction of one-tenth of one per cent, is not a property tax on property owned by the corporation, but is an excise tax the amount of which is fixed and measured by the amount of subscribed or issued and outstanding capital stock. To constitute double taxation, both taxes must be property taxes, and both on the same property. Here one tax is a property tax, and the other an excise or franchise tax, and therefore there is no double taxation.
The limitation in section four of article thirteen of the constitution, which prohibits double taxation of the property of corporations, applies only to taxation on property, and not to taxation of privileges or franchises. What is said in Cleveland Trust Co. v. Lander, 62 Ohio St., 266, as to that limitation, is solely as to property taxation. That section of the constitution plainly shows that it applies to property taxation only, and has no reference to excise, or franchise taxes. The section is as follows: “The property of corporations, now existing orhereafter created, shall forever be subject to taxation, the same as the property of individuals.”
The stock of a corporation is not its property, and is not owned by it, but by the several stockholders. It owes and not owns the stock. The stock is a liability of the corporation, and not an asset; and being a lia *597 bility it cannot be taxed, because in property taxation the tax must be upon the true value in money, and a liability can have no such value. So that, this exaction of one-tenth of one per cent, is not a tax against the corporation on stock owned by it, but is a franchise tax the amount of which is fixed and graded by the amount of subscribed or issued and outstanding capital stock.
In Railway Co. v. State, 49 Ohio St., 189, it was held that an act requiring a fee of one dollar per mile of track to be paid by every corporation operating a railroad in this state, was unconstitutional, as being in conflict with sections two and five of article twelve of the constitution; and it is urged that as that fee or tax of one dollar per mile in addition to the general taxes paid on the railroad was unconstitutional, this fee or tax of one-tenth of one per cent, on the stock is also unconstitutional. But that does not follow. The track of the railroad was property, and was OAvned by the company, and the one dollar per mile was a tax on property, and was in addition to the general tax paid on the true value in money, and was more than on property of individuals, and was therefore in conflict, not only with said section two of article twelve of the constitution, but also in conflict with said section four of article thirteen of the same instrument. But in the case at bar the tax is not a property tax,, and the stock is not owned by the corporation, as already explained, and therefore the case of Railway Co. v. State, is not like the case at bar, and does not rule the same.
The tax of one-tenth of one per cent, on the amount of the subscribed or issued and outstanding stock, is not unreasonable, and does not appear to be above the continuing value of the franchise of corporations from *598 year to year, and is therefore within the clear power of such taxation by the general assembly.
The act in question is not void for uncertainty als urged by counsel, but is in all respects a valid and constitutional statute.

Judgment affirmed.

Spear, Davis, Shauck and Price, JJ., concur.